## Koscur Unemployment Compensation Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Michael Koscur,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., December 14, 1961:

In this unemployment compensation case, the bureau, the referee and the board found that the claimant was no longer eligible for benefits under Section 402(a) of the Unemployment Compensation Law, 43 P.S. §802(a).

Section 402(a) provides: "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause ... to accept suitable work when offered to him by the employment office ..."

The claimant had been employed as a motorman by the Allegheny Pittsburgh Coal Company until June 24, 1960. On December 29, 1960, while receiving unemployment compensation benefits, he was offered a referral by the employment service to part-time employment as a meat cutter with the Save More Market, New Kensington, which he refused.

The appellant gave three reasons for refusing this referral: That he was not interested in part-time work; that he did not feel that he was qualified for the job; and that the job would interfere with his visits to a slaughterhouse where he was learning that business.

In order for the appellant to prevail, he must have had good cause to refuse the proffered employment. The pivotal question here is whether the above reasons constitute "good cause". "Good cause" rests on "good faith" which embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and be self-supporting. *Raiskin Unemployment Compensation Case*, 186 Pa. Superior Ct. 37, 40, 140 A. 2d 467 (1958).

We agree with the board that the appellant did not have good cause for refusing the referral. The bureau was of the opinion that the claimant had the necessary qualifications. The claimant demonstrated his lack of good faith by not even contacting his prospective employer to determine whether he did have the qualifications for the job which the employer required.

Furthermore, that the work was part-time and that it would interfere with his studying of the slaughtering business, are not good causes for refusing employment by one who had been unemployed for six months.

The appellant further contends that the referral was never given to him. This contention is without merit. The record substantiates the finding of the board that he refused to accept the referral.

Decision affirmed.