Bradley Unemployment Compensation Case.

Argued March 20, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Robert Boyd, Jr.,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with
him *Raymond Kleiman,* Deputy Attorney General, and
*David Stahl,* Attorney General, for Unemployment
Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., June 13, 1962:

The claimant in this unemployment compensation
case had been employed as a stenographer prior to her
being laid off for lack of work on January 13, 1961.

She received unemployment compensation for 19 weeks until after June 28, 1961, but she was denied further compensation by the bureau, and later by the referee and the board, on the ground that she refused to accept suitable work.

The claimant's testimony indicates that she had several referrals but no job offers between the date of her discharge and June 23rd, when she received a referral for a job as a secretary at a salary of from $70 to $85 per week, depending upon experience. She was to have the interview on Friday, the 23rd. She testified, "I always dress up to sign for my check and it was just easier for me convenience-wise and transportation-wise to do two things in one day. He [her prospective employer] wanted it on Friday to begin with but then he agreed to Monday."[1] She was two months pregnant at the time although she said at the end of June she did not know it, but suspected it.

The prospective employer's report to the bureau, which is in evidence, shows that she intended to be on vacation with her husband 6-28 to 7-11. It further shows that the prospective employer reported that "I do not believe she is motivated to work," and that he did not offer her a job.

The claimant contends that her prospective employer brought up the matter of vacation; that she did not know the dates of her husband's vacation; that when he did go on a vacation she did not go with him; and that she would have accepted the job, had it been offered to her. (The prospective employer noted that he believed she would have accepted the position had it been offered to her.)

---

[1] At a subsequent hearing she said, "I called Mr. Aldridge and asked what time. He asked if Monday would be convenient to me." These explanations constitute but one of numerous inconsistencies in her testimony.

The credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn from it are for the board. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955). It is not required to accept even uncontradicted evidence as true. *Stampone v. Anthony Dally & Sons, Inc.,* 188 Pa. Superior Ct. 615, 620, 149 A. 2d 129 (1959). The board evidently did not accept all of the testimony of the claimant as credible and concluded that she lacked the necessary good faith in seeking employment.

The appellant argues that she applied for suitable work at the time and in the manner prescribed and that the position was not offered to her, and therefore she cannot be considered to be ineligible for compensation under §402(a) of the Unemployment Compensation Law, 43 P.S. §802(a).

This raises the question of whether a claimant must show good faith in seeking employment. We agree with the board's position that discouragement of a job opportunity is proper grounds for disqualification under the above provision. A claimant who is being interviewed for possible employment must evidence "good faith" in attempting to cultivate the job opportunity. "Good faith, in this context, embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting." *Brillhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260 (1946) ; *Hassey Unemployment Compensation Case,* 162 Pa. Superior Ct. 14, 17, 56 A. 2d 400 (1948).

The board could properly infer from the evidence before it that the claimant postponed the interview without sufficient cause and then further discouraged the prospective employer from employing her by suggesting that she intended to leave on a vacation with

her husband within a few days, and that as a result of her conduct, the prospective employer concluded that she was not motivated to work and refused to employ her.

Decision is affirmed.

MONTGOMERY and FLOOD, JJ., would remand.