Grant Mohl, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 7, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Lee G. Rothman,* with him *Louis M. Shucker, Eugene F. Zenobi* and *Alan N. Linder,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, June 28, 1974:

In this unemployment compensation appeal, the appellant had been honorably discharged from the United States Air Force where he had served as a staff sergeant assigned to power plant operations. He had endeavored to exercise his rights with regard to the employer for whom he had worked immediately prior to his entry into military service, but was unsuccessful due to a slack season. Appellant filed for and drew benefits for 18 weeks.

During his benefit period, appellant was referred to the Joint Authority of Wyomissing Valley for a position of plant operator trainee which paid $3.10 per hour. Appellant accepted the referral and reported for an interview with the prospective employer. During the course of the interview, appellant volunteered the information that he "may be going to college in September." The interview took place in mid-April. From appellant's own account, there can be little doubt that it was the volunteering of this information that caused the prospective employer to decline to offer appellant the position.

The Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review have all disapproved the appellant's claim. We must affirm.

We base our affirmance on the ground that appellant became ineligible under the provisions of Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(a), which provides:

"An employe shall be ineligible for compensation for any week—(a) in which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by an employer. . . ." The referee stated, having found as a fact that appellant discouraged the prospective employer from offering him the position: "It is the considered opinion of the Referee that the claimant discouraged the offer of employment by the employer by his own actions. . . ." The Court is bound by this finding when, as here, it is supported in the record by competent evidence.

For a somewhat similar case coming to the same result, see *Maslousky Unemployment Compensation Case,* 197 Pa. Superior Ct. 585, 179 A. 2d 659 (1962). There, the claimant declined the referral because he intended to go to college.

Appellant relies on *Wiley v. Unemployment Compensation Board of Review,* 195 Pa. Superior Ct. 256, 171 A. 2d 810 (1961), and *Patronas v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 491, 291 A. 2d 118 (1972), which were cases that held, under the facts of those cases,[1] that a claimant, although attending college during his unemployed period, could have as his primary goal the obtaining of employment and, therefore, could be eligible. The issue in those cases was availability and attachment to the labor market. Here, the issue is good faith in the application interview.

---

[1] In both *Wiley* and *Patronas,* the claimant had been attending college "full-time" while he was being employed "full-time" by his last employer. He testified he was available for any full-time employment even if it meant leaving college. Quite the contrary here, for appellant volunteered that he might leave the employment under consideration if he entered college.

The conclusion should not be drawn from our action in this case or by the action of courts in similar cases in the past that we encourage lack of candor, much less active deception in the referral interview. It is the motivation and the circumstances under which the information is supplied that is controlling, not its accuracy or inaccuracy.

Inasmuch as we have affirmed the Board of Review on the basis of Section 402(a), we need not and do not decide whether appellant's uncertainty as to whether he would be going to college would, of itself, make him ineligible. It could be argued that appellant had the burden of putting himself "on the right side of the line" discussed by Judge BLATT in *Patronas*, between claimants who are basically students and claimants who are basically committed to the work force and are attempting to better themselves. Surely, appellant would not be meeting that burden if his answer, when the question is put, is, as it was here, that he is undecided.

Accordingly, we enter the following

### ORDER

Now, June 28, 1974, the decision and order of the Unemployment Compensation Board of Review, dated August 16, 1973, in the above case is affirmed.