Margaret Miller, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Argued March 10, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Margaret Miller*, appellant, for herself.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*. Attorney General, for appellee.

OPINION BY JUDGE ROGERS, April 14, 1977.

Margaret Miller applied for unemployment compensation benefits under the Special Unemployment Assistance Program,[1] a federal program designed to implement state unemployment benefits. In order to qualify for the program, the applicant must meet the qualifying employment and wage requirements of her state's unemployment compensation law. In this case, the Unemployment Compensation Board of Review, affirming a referee, denied claimant benefits because the claimant had quit a position of employment causing her disqualification under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. [1937] 2897, *as amended,* 43 P.S. §802(b)(1), and had failed to prove sufficient earnings from subsequent work to requalify under Section 401(f), 43 P.S. §801(f). The claimant has now appealed to this Court.

Section 402(b)(1), 43 P.S. §802(b)(1), makes an employe who voluntarily quits work without cause of a necessitous and compelling nature ineligible for compensation. This disqualification can be "purged" under Section 401(f) of the Law, 43 P.S. §801(f), which states in pertinent part:

---

[1] Instituted by Title 11 of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. §3304 note.

Compensation shall be payable to any em-. ploye who is or becomes unemployed, and who—

. . . .

(f) Has earned, subsequent to his. separation from work under circumstances which are disqualifying under the provisions of subsetions 402(b), 402(e) and 402(h) of the Act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate . . . .

Claimant's pertinent work history, as found by the Board, was as follows: Claimant was employed as a waitress by the Holiday House Restaurant in Monroeville, Pennsylvania, from November 3, 1974 until December 1, 1974, on which latter date she voluntarily quit. She was then employed by Esta Esta Restaurant also in Monroeville from December 28, 1974 until January 27, 1975, when she was laid off due to a decrease in business at the restaurant. In order to qualify for unemployment compensation the claimant would have to have earned at Esta Esta an amount equal to or more than six times her weekly benefit rate of $86.00, or $516.00. She testified that she earned $120.26 in wages and more than $400 in tips. The Board did not believe she made the difference between $120.26 and $516 in tips.

Claimant argues on this appeal (1) that the transcript of testimony before the referee was so inadequate that the Board did not receive an accurate explanation of the issues, and (2) that the Board's finding that she did not earn six times her weekly benefit rate while employed by Esta Esta Restaurant is inaccurate and not supported by the evidence.

With regard to the alleged inadequate transcript, we note that there were two hearings and a transcript of each. The Board agreed with the claimant's objec-

tion to the transcript of the first hearing which contained many apparent gaps noted by the word "inaudible." It remanded the case and ordered a rehearing with a complete and accurate transcript thereof. We have carefully reviewed the transcript made of the second hearing and are convinced that it is complete, accurate and a proper record for review.

The claimant does not dispute the Board's conclusion that since she left her employment at Holiday House Restaurant voluntarily and without cause of a necessitous and compelling nature, she was therefore ineligible for compensation under Section 402(b)(1) of the Law, 43 P.S. §802(b)(1). She claims, however, that she presented sufficient evidence to prove that her earnings at Esta Esta Restaurant satisfied the requirement of Section 401(f) of the Law, 43 P.S. §801(f). She also says that there is insufficient evidence to support the Board's contrary finding on this issue.

Since the claimant had the burden of proving that she qualified under Section 401(f), 43 P.S. §801(f), our review of the Board's findings is limited to a determination of whether they are consistent with each other and whether they can be sustained without a capricious disregard of competent evidence. *Unemployment Compensation Board of Review v. Cooper*, 25 Pa. Commonwealth Ct. 256, 360 A.2d 293 (1976). A capricious disregard of competent evidence is a deliberate failure to consider evidence which a person of reasonable intelligence could not possibly ignore in reaching the result. *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A.2d 381 (1973). We hold that the Board made no such error in the present case.

The sole evidence presented by the claimant on the question of the amount of money she earned at

Esta Esta Restaurant was her testimony on the matter without other support. Since the credibility of witnesses is for the Board of Review to determine, *Cleaver v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 255, 290 A.2d 279 (1972), we cannot say that it was error for the Board to reject the claimant's testimony.

Accordingly, we will affirm the Board of Review's order.

### ORDER

AND Now, this 14th day of April, 1977, it is Ordered that the appeal of Margaret Miller be and it is dismissed and that the order of the Unemployment Compensation Board of Review made June 15, 1976 be and it is hereby affirmed.