Beverly C. Spong, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 9, 1979, before Judges CRUMLISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

*John M. Humphrey,* with him *Candor, Youngman, Gibson & Gault,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Bernadette A. Duncan,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., August 2, 1979:

Did Beverly C. Spong voluntarily terminate her employment without cause of a necessitous and compelling nature so as to render her ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law,[1] 43 P.S. §802(b)(1)?

The Unemployment Compensation Board of Review (UCBR) answered in the affirmative. We agree.

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Spong worked as a part-time secretary at Girio Agency for approximately six months when Girio advised her that he needed a full-time secretary with some bookkeeping experience. Four weeks later, a full-time secretary was hired who replaced Spong.

Spong was never offered the full-time position because, Girio contends, her conduct indicated her disinterest in working full-time and discouraged Girio from offering her the full-time position.

UCBR, in finding that "[t]he employer hired a full-time secretary, without specifically offering the position to the claimant because she made it clear that she did not wish to work full-time'"[2] also found that the duties of the full-time secretary were "substantially similar" to those performed by Spong.

We have in the past considered the discouragement of job offers to be grounds for disqualification under Section 402(a), 43 P.S. §802(a), and Section 402(d), 43 P.S. §802(d), where claimants sought placement through referrals by the employment office. In these cases, we held that a claimant's conduct which evidences a lack of a genuine desire to work and be self-supporting and which discourages a prospective employer from offering suitable employment can be the basis for disqualification. *See Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 249 n. 5, 385 A.2d 634, 638 n. 5 (1978); *Unemployment Compensation Board of Review v. Pinger,* 21 Pa. Commonwealth Ct. 61, 342 A.2d 781 (1975);

---

[2] UCBR's findings included the following:

4. On those occasions [a reference to the occasions Girio notified Spong that he wished to hire a full-time secretary], claimant informed the employer that she was only interested in working part-time.

We accept Spong's argument that this finding lacks the requisite evidentiary support. The record contains no conversation of an explicit disavowal of the full-time position by Spong and therefore, for purposes of our review, we will disregard this finding.

*Knox v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 200, 315 A.2d 915 (1974); *Bradley Unemployment Compensation Case,* 198 Pa. Superior Ct. 356, 181 A.2d 894 (1962).

Although Spong's ineligibility is grounded in Section 402(b)(1) and her alleged discouragement of employment arises in the posture of discouraging an offer of *continuing* employment, we will apply the same "good faith" analysis heretofore applied under Sections 402(a) and (d).

Reviewing the record, we find that, upon being hired, Spong had requested to work only morning hours; that she had refused on several occasions Girio's request that she work past 12:30 P.M.; and that during the four-week period between Girio's informing her of his intention to hire a full-time secretary and her replacement, Spong never indicated any willingness to work full time, much less a desire to be given consideration for the job.

In light of her expressed desire to work only in the morning, we feel it was incumbent upon her to investigate the new position and to express her willingness to be considered for full-time employment before we can say as a matter of law that her conduct evidenced her genuine desire to work and be self-supporting.

In unemployment compensation cases, the claimant has the burden of proving eligibility. *Veneski v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 154, 370 A.2d 382 (1977). We conclude that Spong has not satisfactorily shouldered her burden.

Accordingly, we .

ORDER

AND Now, this 2nd day of August, 1979, the order of the Unemployment Compensation Board of Review dated March 22, 1978, denying benefits to Beverly C. Spong is hereby affirmed.