Charles T. Heins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Berlin Auto Supply, Respondents.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Edwin S. Heins, Jr.,* for appellant.

*Kevin S. Anderson,* with him *Robert S. Cohen,* and *Steinberg, Greenstein, Gorelick & Price,* for appellees.

OPINION BY JUDGE MENCER, August 2, 1979:

Charles T. Heins (claimant) appeals an order of the Unemployment Compensation Board of Review denying claimant benefits, pursuant to Section 402(b) (1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. 802(b)(1), because he voluntarily terminated his employment without cause of a necessitous and compelling nature. We affirm.

The facts, as found by the Board, can be briefly stated. Claimant had been employed by Berlin Auto Supply (Berlin) for approximately 31½ years. Although hired as a machinist, claimant spent the majority of his time with Berlin doing sales work. At the time of his termination, claimant was utilized as a salesman-demonstrator of the company's products. On May 26, 1977, claimant was informed by Berlin's executive vice-president, Mr. Lou Gordon, that claimant was to be transferred to a position as a working assistant to the shop supervisor at J. B. Machine Works, a machine shop affiliated with Berlin.[1] Interpreting this transfer as a demotion and an attempt to fire him, claimant became so irate that Mr. Gordon was unable to provide claimant with further information concerning his new assignment. Without inquiring himself into the details of the new job, claimant asked to be paid his final wages.

The Bureau of Employment Security, referee, and Board all denied claimant's application for benefits

---

[1] The record is not clear on the exact relationship of Berlin Auto Supply and J. B. Machine Works. Although apparently separate companies, testimony by Berlin's president indicates that they were treated as supporting divisions of the same entity, at least with regard to internal matters.

on the basis of Section 402(b)(1), and claimant has appealed to this Court.

There is no question that claimant voluntarily terminated his employment, for the only action taken by the employer was to inform claimant of his transfer. It was claimant's decision not to accept the transfer that caused his unemployment. Therefore, the issue on appeal is whether the job offered claimant was unsuitable, in light of claimant's former position and experience, and whether the offer constituted a compelling and necessitous reason for his termination.

Claimant characterizes the proposed transfer as a drastic demotion of a long-term employee from a top management position to a type of production job for which he lacked the qualifications. In support of his contention, claimant relies on his years of experience with Berlin, primarily in sales, and his inability to operate a turret lathe which allegedly was to comprise the primary function of his new job. The employer, however, presented testimony that claimant was capable of performing his new assignment, that his compensation would be comparable to, if not higher than, that of his former position, and that the transfer was not considered a demotion but involved supervising functions. In addition, there was testimony that the company had, in the past, exposed claimant to a variety of different positions in order to best utilize his talents for the benefit of the company. Finally, Mr. Gordon testified that he had never mentioned that claimant had to operate a turret lathe, although it is clear that some machine work was involved.

The Board resolved this conflicting testimony in favor of the employer and, absent a capricious disregard of competent evidence, which we do not find, the Board's resolution is binding. See Miller v. Unemployment Compensation Board of Review, 29 Pa. Commonwealth Ct. 541, 372 A.2d 35 (1977). Moreover, in light

of claimant's failure to seek additional information on the duties and benefits of the new assignment, we cannot say that his conduct was such as is required to establish his eligibility for benefits under Section 402 (b)(1) of the Act. *See Aluminum Company of America v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). Thus, we enter the following

### ORDER

AND Now, this 2nd day of August, 1979, the order of the Unemployment Compensation Board of Review, dated March 28, 1978, denying benefits to Charles T. Heins, is hereby affirmed.