Louis Stauffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 3, 1979, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

285

*Thomas G. Wagner,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, February 8, 1980:

Louis Stauffer (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board), which denied him benefits pursuant to Section 401(f) of the Unemployment Compensation Law,[1] which provides in pertinent part:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—
>
> . . . .
>
> (f) Has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b) [voluntary termination], 402(e) [willful misconduct] and 402(h) [self-employment] of this act, remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate. . . .

We reverse.

Claimant was employed full time, for 46½ years, with Stackpole Carbon Company (Stackpole) and part

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(f).

time,[2] for 26 years, with Industrial Steel and Pipe Company (Industrial). In October 1977, claimant decided to retire voluntarily from Stackpole, effective December 30, 1977, and became eligible for a pension. Claimant continued to work for Industrial, however, until he was laid off on January 2, 1978. The Board, relying on Section 401(f), denied unemployment benefits, and claimant appeals the denial of benefits to this court.

We believe that the Board misapplied Section 401 (f). This section enables a potential claimant to purge his previous disqualification for benefits by working at a new job long enough to earn six times his weekly benefit rate. *Miller v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 541, 372 A.2d 35 (1977). We have consistently denied benefits under this section only in those situations where the claimant has lost one job under disqualifying circumstances, gained another, and then was laid off the new job before he could earn six times his weekly benefit rate. *See Richards v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 425, 400 A.2d 1345 (1979); *Miller v. Unemployment Compensation Board of Review, supra; Daniels v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 241, 309 A.2d 738 (1973). We do not believe that the legislature intended this purging section to be applied to the peculiar facts of this case, wherein the claimant had maintained two jobs for a long period of time, had voluntarily quit one of them without knowledge that he would be laid off from his second job, and had been subsequently laid off from his second job. Accordingly, we must remand this case to the Board for a computation of benefits.

---

[2] Claimant averaged 25 hours a week in this part-time job.

## ORDER

AND Now, this 8th day of February, 1980, the decision of the Unemployment Compensation Board of Review, No. B-165004, dated October 13, 1978, is hereby reversed, and this case is remanded to the Board for a determination of benefits.

Judge DiSalle did not participate in the decision in this case.