Mary Ann Roman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1979, before Judges CRUM-LISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*R. Gregory Barton,* with him *Hayes C. Stover* and *Stephen M. Olson, Kirkpatrick, Lockhart, Johnson & Hutchison,* for petitioner.

*Elsa Newman,* with her *William J. Kennedy,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 25, 1980:

The Unemployment Compensation Board of Review affirmed the referee's denial of benefits for the compensable weeks ending (a) December 31, 1977 and January 7, 1978 under Section 401(d) of the Law[1] and (b) January 14, 1978, pursuant to Section 402(a) of the Law.[2] Mary Ann Roman now appeals to us, and we affirm.

---

[1] Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897), *as amended,* 43 P.S. §801(d), provides in pertinent part:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(d) Is able to work and available for suitable work.
. . .

[2] Section 402(a), 43 P.S. §802(a), provides that:

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause . . . to accept suitable work *when offered to him* by the employment office or by any employer . . . Provided, That such employer notifies the employment office of such offer within seven (7) days after the making thereof. (Emphasis added.)

Petitioner was last employed on June 30, 1977, as a secretary with the Polachek Company. On December 23, 1977, the Pennsylvania State Employment Service informed her of prospective employment and an interview with the Pittsburgh Public Theatre, but was advised of her unavailability due to babysitter problems. Roman was then scheduled for a December 28th interview, but was unable to attend due to her infant daughter's illness. However, she did contact the Employment Service to explain her problem, and was advised to inform that office of her future availability for work. On January 9, 1978, Roman met with the employment interviewer and related that her infant's potential illness might affect reliability and might require a brief absence from work. The interviewer then telephoned the prospective employer with this information, who then declined to either interview or employ her.

Our scope of review in unemployment compensation cases is clearly limited to questions of law and, absent fraud, whether the Board's findings are consistent with each other and can be sustained without a capricious disregard of competent evidence. *Miller v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 541, 372 A.2d 35 (1977).

Generally, the question of availability as required by Section 401(d) is one of fact for the Board of Review. *Graham v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 445, 447, 322 A.2d 807, 808 (1974). Though the burden of proof is on the claimant's shoulders, a prima facie case may be established by showing that the claimant registered and declared her availability for either temporary or permanent work. *Dingel v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 484, 487, 322 A.2d 731, 733 (1974). Appellant argues that this burden has been met. However, the presump-

tion is clearly rebuttable if the Board could have reasonably drawn inferences from the surrounding circumstances to rebut it in this case. *Dingel v. Unemployment Compensation Board of Review, supra,* at 487-88, 322 A.2d at 733. We have also been reminded that a reviewing court must give the party prevailing below the benefit of all reasonable and logical inferences. *Unemployment Compensation Board of Review v. Shrump,* 22 Pa. Commonwealth Ct. 570, 573, 349 A.2d 787, 789 (1975).

The test for unavailability under the Unemployment Compensation Law has required actual and current attachment to the labor force such that at all times, claimant is ready, willing and able to accept either temporary or permanent suitable employment. *See Dingel v. Unemployment Compensation Board of Review, supra,* at 487, 322 A.2d at 733; *Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 246, 385 A.2d 634, 636 (1978).

A review of the record reveals that petitioner admitted unavailability for either work or an interview because of a combination of her child's care and health problems until January 9, 1977.[3] We conclude that benefits were properly denied under Section 401(d) of the Law.

Turning to the Section 402(a) determination, the Board concluded that "the claimant discouraged the prospective employer from offering the position to her because she could not guarantee regular attendance. This indicates a lack of good faith as required by Section 402(a) of the Law and therefore the claimant must be disqualified from receiving benefits." We agree.

---

[3] Drawing all reasonable inferences, excluding weekends, holidays, December 23rd as the day of employment notice, and December 28th for her infant's illness, petitioner had eight working days within which time to make interview arrangements.

The Board relies on *Mohl v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 69, 321 A.2d 662 (1974), and *Unemployment Compensation Board of Review v. Pinger,* 21 Pa. Commonwealth Ct. 61, 342 A.2d 781 (1975), for the proposition that a claimant who discourages an employment opportunity fails to demonstrate good faith, in effect refuses employment, and therefore becomes ineligible for benefits. The claimant discouraged employment in *Mohl* when he told the prospective employer during an interview in April that he might be attending college in September, whereas benefits were denied in *Pinger* when claimant responded to an offer of employment with an outrageous letter containing absurd questions and demands. Both of these cases exemplify conduct which makes the claimants' respective employment so unattractive that no offer would be forthcoming. The analogy can be drawn to the case presently before us.

Section 402(a) has been construed to provide that benefits should be denied when the employee or prospective employee fails "to accept suitable work when offered to him by the employment office or by any employer." By telling the employment interviewer that she could not guarantee regular attendance with her prospective employer, petitioner discouraged and in fact rejected employment without reasonable or substantial grounds for such refusal. We find that petitioner's actions were not consistent with a genuine desire to work or be self-supporting and that benefits were properly denied under Section 402(a) of the Law.

Accordingly, we

ORDER

AND Now, this 25th day of April, 1980, the decision and order of the Unemployment Compensation Board of Review, dated July 5, 1978, denying benefits pursuant to Section 401(d) of the Unemployment Com-

pensation Law for the compensable weeks ending December 31, 1977 and January 7, 1978, and denying benefits under Section 402(a) of the Law for the compensable week ending January 14, 1978, is hereby affirmed.

President Judge BOWMAN and Judge DiSALLE did not participate in the decision in this case.