Dolores Ormiston, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

226

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*O. Randolph Bragg,* with him *Frank J. Bolock, Jr.,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, April 3, 1981:

Claimant appeals a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits.

Claimant was last employed by National Pretzel as a packer from April of 1969 until May of 1979, when she had a valid separation. On September 28, 1979, a Job Service Interviewer from the Bureau (now Office) of Employment Security telephoned claimant and offered her a referral to a job with Morris White Fashions. The job consisted of inspecting, tagging and packing finished purses into boxes for shipping. The referee found that "[t]he claimant discouraged the Job Service Interviewer from referring her to this position when she stated that she had no transportation [to the job] and she had cataracts which might prevent her from doing inspection work." The referee further found that public transportation was available to the proposed job site and that if claimant had explained her visual problem to the referral employer, the job may have been restructured to exclude the inspection duties.

Based on the above findings, the referee concluded that the claimant's discouraging comments to the Job Service Interviewer "were not indicative of good faith" as required by Section 402(a) of the Unemployment Compensation Law (Law)[1] and that therefore the claimant was ineligible to receive benefits. The Board affirmed the determination and this appeal followed. We affirm.

Section 402(a) of the Law states in relevant part as follows:

An employe shall be ineligible for compensation for any week—

(a)  In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept ·

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §802(a).

suitable work when offered to him by the employment office or by any employer....

Claimant contends on appeal that the findings of the referee lack the requisite evidentiary support, and in the alternative, that discouragement of a job referral is not a violation of Section 402(a) of the Law.

It is well settled that a claimant who unreasonably discourages a referral of suitable employment is not applying for work in good faith and is therefore ineligible for compensation under Section 402(a) of the Law. *Roman v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 44, 413 A.2d 775 (1980); *Spong v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 560, 404 A.2d 444 (1979); *Unemployment Compensation Board of Review v. Pinger*, 21 Pa. Commonwealth Ct. 61, 342 A.2d 781 (1975). "Discouraging a job opportunity is equivalent to refusing a job opportunity" for purposes of Section 402(a). *Id.* at 63, 342 A.2d at 783.

The burden of proving eligibility for unemployment benefits is on the claimant. *Kanouse v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973). Where, as here, the decision of the Board is against the party having the burden of proof, our scope of review is limited to a determination of whether or not the Board's findings of fact are consistent with each other and with its conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Randall v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 153, 383 A.2d 238 (1978).

In order to overturn the Board's conclusion that claimant's conduct amounted to a showing of bad faith, we would have to be convinced that as a matter of law her conduct evidenced a genuine desire to work and be self-supporting. *Spong, supra.*

Unfortunately, our review of the record has not revealed competent evidence of conduct consistent with a genuine desire to work and be self-supporting. Claimant never indicated to the Job Service Interviewer any willingness to be considered for the job or to discuss with the referral employer the possibility of eliminating the inspection duties from the job to accommodate claimant's visual impairment. Further, claimant testified that she told the Job Service Interviewer that she would pursue the job opportunity only if she could be sure that it would not interfere with her continued receipt of weekly unemployment compensation checks. We view this testimony as additional support for the Board's conclusion that claimant did not demonstrate good cause for her failure to accept a referral of suitable work. It is clear that claimant's primary concern was with the uninterrupted flow of benefit checks rather than with obtaining suitable full-time employment. We conclude, therefore, that benefits were properly denied under Section 402(a) of the Law.

Accordingly, we will enter the following

ORDER

AND Now, April 3, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-179218, dated December 31, 1979, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.

Judge ROGERS concurs in the result only.