Reginald H. Warden, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

184

Submitted on briefs September 15, 1982, before President Judge Crumlish, Jr. and Judges Blatt and Doyle, sitting as a panel of three.

*Marian B. Cocose,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by President Judge Crumlish, Jr., January 13, 1983:

Reginald Warden was denied unemployment compensation benefits and assessed a fault overpayment by the Board. He appeals; we affirm.

Warden, a Yellow Freight driver, was put on lay-off status in January 1980. Under the terms of the collective bargaining agreement, he had two recall options.[1] One was the intermittent list, which would have resulted in his being called in the order of

---

[1] At the outset, we note that eligibility for unemployment compensation is determined by the circumstances surrounding a claimant's separation, not by his collective bargaining agreement. *United States Steel Corp. v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 631, 636-37, 417 A.2d 266, 269 (1980).

seniority for any available work. In the other, he would be called only if the employer could guarantee a full week's work. He exercised the latter option.

The referee concluded, and the Board affirmed, that Warden was unavailable for work and denied benefits under Section 401(d) of the Unemployment Compensation Law.[2] The Board further concluded that Warden, having given separation due to lack of work as his basis for compensation and not having notified the authorities of this possible posture on the employer's intermittent list, should be assessed a fault overpayment under Section 804(a)[3] of the Law.

Warden now asserts that this minimal restriction on his work availability should not preclude him from receiving benefits. He further asserts that the employer's requirement that the twenty-four hours a day on-call requirement of the intermittent list was too restrictive.

It is axiomatic that the burden of proving availability for work is on the claimant and that the question of availability is one of fact for the Board. *Roman v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 44, 413 A.2d 775 (1980). When the party with the burden of proof has not prevailed below, our scope of review is limited to determining if there was a capricious disregard of competent evidence and whether the Board's findings are consistent with each other and its conclusions of law. *Id.*

Before the referee, Warden testified that he was aware that he would be unable to change his option once elected because this had been the policy in the previous year. He further testified that he had al-

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

[3] 43 P.S. §874(a).

ways been on call twenty-four hours a day and that he had had a second phone installed to receive calls from Yellow Freight. We can see no reason why Warden should now be able to argue that this procedure was too onerus, thus limiting substantially[4] his availability for work, and then collect benefits. The purpose of the Law is to compensate those who are unemployed through no fault of their own. When a claimant rejects employment without reasonable or substantial grounds for such refusal, this constitutes unavailability for work. *Roman* at 49, 413 A.2d at 777. Additionally, this Court must look at the factual matrix at the time of separation. *United States Steel Corp. v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 631, 417 A.2d 266 (1980). Here, Warden rejected the opportunity to work anytime there was work available finding it too inconvenient to wait for a call or call in to find out if there was work.[5]

The Board also assessed a fault overpayment in the amount of $1,709.00 because Warden had indicated that his unemployment was due to a separation because of lack of work. He failed to indicate that he could have been on call had he accepted that option. Under Section 804(a) of the Law,

> [t]he word "fault" . . . connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches. . . . Conduct de-

---

[4] The employer entered into evidence, without objection, an audit report which showed the work that would have been available for claimant and the potential earnings had Warden notified the employer of his availability for intermittent work. The potential earnings ranged from a high of $596.89 for one week to a low of $85.44.

[5] Warden testified that, if an employee wished to go out rather than wait by his phone, it was customary for him to call in and ask if he would be needed that day.

signed improperly and intentionally to mislead the Bureau is sufficient to establish a fault overpayment as a matter of law. (Citations omitted.)

*Summers v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 146, 149, 430 A.2d 1046, 1048 (1981). We thus affirm the assessment of a fault overpayment.

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-189889, is hereby affirmed.