Teresa Marie DOWNEY, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 82–935.

District of Columbia Court of Appeals.

Submitted April 13, 1983.

Decided May 16, 1983.*

Teresa M. Downey, pro se.

Michael A. Milwee, Washington, D.C., with whom Grace Lockett Rosner, Washington, D.C., was on brief, for respondent.

Before MACK and TERRY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Petitioner, Teresa Downey, seeks review of a final order of the District of Columbia, Department of Employment Services. The Department, after a hearing, disqualified petitioner from receiving unemployment benefits for seven weeks finding that after she quit her job as a financial analyst with the Federal Deposit Insurance Corporation, she was unable to demonstrate that she was available for work as required by D.C.Code § 46–110(4) (1981). We affirm.

Petitioner last worked for the Federal Deposit Insurance Corporation on January 22, 1981, and having moved to New Jersey, filed there on December 18, 1981, an interstate benefit claim against the District of Columbia. Initially, petitioner was disqualified by the Claims Deputy for eight weeks of benefits pursuant to D.C.Code § 46–111(a) (1981), because she voluntarily quit her job without good cause connected with the work. Concurrently, after reviewing petitioner's interstate claims form, the Claims Deputy determined that petitioner was unavailable for work from December 31, 1981 through January 30, 1982, and thereby, ineligible for that period to receive unemployment benefits. Petitioner took timely appeals of both determinations and a hearing was held on both appeals. The Appeals Examiner's decision reversed the voluntary quit disqualification but upheld a seven week ineligibility determination. Petitioner then took a timely appeal of the determination to the agency's Office of Appeals and Review. The Chief of the Office of Appeals and Review adopted the Examiner's findings of fact and upheld his decision.

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment on May 16, 1983. The court granted respondent's motion for publication.

Our review in this case is limited to determining whether the Appeals Examiner's findings and conclusions are supported by substantial evidence on the record, considered as a whole. *See, e.g., Washington Post Co. v. District Unemployment Compensation Board,* 377 A.2d 436, 439 (D.C. 1977). After reviewing the entire record from this perspective, we are satisfied that there exists substantial support for the Examiner's determinations.

■ D.C.Code § 46–110(4) (1981) requires that during each week benefits are claimed, a claimant must be available for work. We have held this requirement to mean that a claimant must be making an active search for new employment, including contacts with prospective employers, and must not unduly restrict his work search. *Woodward & Lothrop, Inc. v. District of Columbia Unemployment Compensation Board,* 129 U.S. App.D.C. 155, 157, 392 F.2d 479, 481 (1968); *National Geographic Society v. District Unemployment Compensation Board,* 141 U.S. App.D.C. 313, 321, 438 F.2d 154, 162 (1970); *Johnson v. District Unemployment Compensation Board,* 408 A.2d 79, 82–83 (D.C.1979). The availability requirement is not satisfied by conducting a job search or contacting prospective employers in bad faith. *Ormiston v. Commonwealth of Pennsylvania Unemployment Compensation Board of Review,* 58 Pa.Commw. 225, 227, 427 A.2d 746, 747 (Pa.Commw.1981).

■ Petitioner conceded at her hearing that she did not make contact with prospective employers during the period in question. Instead, she chose to avoid contact with prospective employers in order to concentrate on her own self employment idea, which by her own testimony, would not come to fruition for several months, if at all. In her defense, petitioner argues that she was not informed by the agency that she had to contact prospective employers in order to receive unemployment benefits. Petitioner also argues that had the agency followed its own rules by making a prompt determination of her claim, she would have known of the defects of her job search

earlier. These arguments have no merit. The record reflects that the form used in making interstate claims is basically self-explanatory and requires that a claimant list prospective employers contacted for specific weeks during the unemployment. Thus, petitioner should have realized her affirmative duty to seek out employment. Moreover, petitioner testified that had she known of the requirement to contact prospective employers, she would actually have made a *pro forma* job search and would have sent out letters solely to fulfill the requirements which would allow her to collect her benefits. This argument has no merit since the intent of the availability requirement is to have claimants actively and meaningfully seek remunerative employment and become re-employed. The record indicates that this was never petitioner's intent.

Accordingly, it is

ORDERED and ADJUDGED that the decision on review be, and the same is hereby, affirmed.

*Affirmed.*