Deborah K. Luciano, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 13, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

John P. Bogdanovicz, for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 9, 1986:

A referee's decision denying Deborah K. Luciano benefits was upheld by the Unemployment Compensa-

tion Board of Review. She appeals; we reverse the Board.

Luciano, a keypunch operator for Proctor Silex in Altoona, was laid off for lack of work. She applied for and received benefits. The Office of Employment Security (OES) twice offered to refer her to available full-time positions for keypunch operators in Altoona, the first time in December 1983 and the second time in January 1984. Both jobs paid a higher salary than Luciano's prior employment. The referee found that she discouraged these referrals because she planned on attending nursing school full-time, commencing in August 1984.[1] He concluded that this made Luciano ineligible for benefits under Section 402(a) of the Unemployment Compensation Law (Act)[2] for failing to apply for suitable work.

We agree with Luciano's contention that the Board erred in upholding the referee's determination that she was ineligible for benefits under Section 402(a).[3]

The record reveals that Luciano candidly informed the OES that she would only be available for *temporary* employment through August 1984, when she intended to return to nursing school full-time.[4] This limitation clearly discouraged the two referrals to permanent employment opportunities. It did not, however, amount to a refusal of *suitable* work referrals, since her plans precluded permanent employment.

---

[1] The record reveals that Luciano had completed her first year of nursing education. She applied to and was accepted by Altoona School of Nursing to resume her course of studies in the fall 1984 semester.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a).

[3] The referee's determination is a conclusion of law subject to our review. *LeGare v. Unemployment Compensation Board of Review*, 498 Pa. 72, 444 A.2d 1151 (1982).

[4] N.T. 2/10/84, pp. 5-6.

Accordingly, the decision is reversed.

ORDER

The Unemployment Compensation Board of Review order, No. B-228873 dated March 30, 1984, is reversed.