Gina A. SHREINER, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.
Decided July 19, 1995.
Reargument Denied Sept. 19, 1995.

Elinor J. Stoddard, for petitioner.

Randall S. Brandes, Asst. Counsel, for respondent.

Before FRIEDMAN and NEWMAN, JJ., and LORD, Senior Judge.

NEWMAN, Judge.

Gina A. Shreiner (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision denying benefits to Claimant for failure to accept suitable employment as provided in Sections 4(t) [1] and

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(t), which defines suitable work, in relevant part, as:

all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved

402(a)[2] of the Unemployment Compensation Law (Law). We reverse.

Claimant worked for Gerber Childrenswear, Inc. as a sewing machine operator for approximately eight years before she was laid off on January 24, 1994, due to a plant closing. Claimant timely applied for unemployment compensation benefits.

On May 26, 1994, Claimant reported to the Office of Employment Security (OES), where a representative advised her of a job opening for a permanent position as an embroidery machine operator. Claimant told the representative that she planned to participate in a training program to which she was entitled pursuant to the Trade Adjustment Assistance (TAA) program.[3] However, she was willing to work for three months until the training began. At that time, Claimant did not have the paperwork approving her for admission into the program, but she had no reason to doubt that she would be approved.[4] The OES determined that Claimant had refused suitable employment, and, therefore, disapproved Claimant for benefits for the week ending June 4, 1994.

Claimant appealed the determination of the OES to the referee, who held a hearing on June 30, 1994. Because Claimant was not in a training program at the time of the interview, the referee determined that Claimant limited her availability and thus discouraged work. Relying on Sections 4(t) and 402(a) of the Law, the referee denied Claimant benefits. Claimant appealed to the Board which affirmed the referee's decision by order dated August 22, 1994. Claimant appeals to this Court from the Board's decision.[5]

The sole issue on appeal is whether Claimant "discouraged" work opportunities by informing the OES representative that she planned to participate in a training program provided by the Trade Act of 1974 and therefore should be denied benefits pursuant to Section 402(a) of the Law.

The Board rests its position on the language of the exception to Section 402(a) of the Law that states "[t]hat a claimant shall not be disqualified for refusing suitable work when [she] is *in training* approved under section 236(a)(1) of the Trade Act of 1974."[6]

---

to his health, safety and morals, his physical fitness, prior training and experience.... The department shall also consider ... the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, [and] his previous earnings....

2. Section 402(a), 43 P.S. § 802(a) provides:
An employe shall be ineligible for compensation for any week—
(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment officer or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act ... Provided ..., That a claimant shall not be disqualified for refusing suitable work when he is in training approved under section 236(a)(1) of the Trade Act of 1974.

3. The Trade Adjustment Assistance program, which provides training to workers who are displaced from their positions due to import competition, was established under the Trade Act of 1974, 19 U.S.C. §§ 2101–2495.

4. Claimant was later approved to enter the training program and began training in September 1994.

5. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. Section 236(a)(1) of the Trade Act, 19 U.S.C. § 2296(a)(1), states that:
(a)(1) If the Secretary determines that—
(A) there is no suitable employment (which may include technical and professional employment) available for an adversely affected worker,
(B) the worker would benefit from appropriate training,
(C) there is a reasonable expectation of employment following completion of such training,
(D) training approved by the Secretary is reasonably available to the worker from either governmental agencies or private sources (which may include area vocational education schools, as defined in section 195(2) of the Vocational Education Act of 1963, and employer)[,]
(E) the worker is qualified to undertake and complete such training, and
(F) such training is suitable for the worker and available at a reasonable cost,
the Secretary shall approve such training for the worker.

(Emphasis added). The Board argues that since Claimant was not already in the training program, she limited her availability and discouraged employment.

In support of its argument, the Board relies on *Mohl v. Unemployment Compensation Board of Review*, 14 Pa.Commonwealth Ct. 69, 321 A.2d 662 (1974), in which this Court found that an unemployment compensation applicant who told a prospective employer that he "may be" going back to college was not entitled to benefits because he discouraged employment. However, this Court stated that it is the "motivation and the circumstances under which the information is supplied that is controlling, *not its accuracy or inaccuracy*." *Id.* at 72, 321 A.2d at 663 (emphasis added).

A similar situation was addressed in *Luciano v. Unemployment Compensation Board of Review*, 94 Pa.Commonwealth Ct. 128, 503 A.2d 92 (1986), which involved a keypunch operator who was laid off from her job due to lack of work. After applying for and receiving benefits, OES offered to refer her to a full-time job as a keypunch operator on two occasions, once in December 1983 and again in January 1984. The referee found that since Luciano planned to begin nursing school full-time in August 1984, she discouraged the employment referrals. Therefore, the referee determined that she was ineligible for benefits pursuant to Section 402(a) of the Law because she "fail[ed] to apply for suitable work." *Id.* at 129, 503 A.2d at 93. However, this Court reversed the Board's order and granted the claimant benefits because the employment offered was not "suitable work" as required in Section 402(a) of the Law.

■ In *Luciano* the claimant was already enrolled in nursing school, whereas in *Mohl*, the claimant was merely speculating as to his plans to attend college. In the case *sub judice*, Claimant was not yet accepted into the training program, but was awaiting finalization of her acceptance. Although the facts of this case are not directly on point with either *Luciano* or *Mohl*, the question of whether, at the time of her interview, the Claimant was accepted into the training program or awaiting acceptance is not the controlling issue.

The relevant issue is Claimant's motivation behind informing the OES representative of her future plans to further her training. *Mohl*. Here, Claimant had an honest and well-founded belief that she would be accepted in a training program pursuant to the Trade Act. She relied on that belief when she informed the OES representative that she was willing to work for three months before the start of the training program. The fact that she was not officially enrolled in the training program at the time of the interview is not dispositive, as the Board contends. However, her motivation behind informing the OES representative of her limited availability is persuasive.

Furthermore, Claimant informed the OES representative that she was willing to work for the period before the anticipated starting date of the training program. Section 402(a) of the Law states:

> An employe shall be ineligible for compensation for any week—
> (a) In which his employment is due to failure, without good cause, either to apply for *suitable work* at such time and in such manner as the department may prescribe, or to accept *suitable work* when offered to him by the employment officer or by any employer. . . .

43 P.S. § 802(a) (emphasis added). The issue of "suitable work" was addressed by this Court in *Luciano*, in which this Court found that since Luciano informed the OES office that she was available for *temporary* work due to her plans to attend nursing school full-time, the referrals for permanent, full-time positions did not amount to *suitable* work referrals and, therefore, Luciano was entitled to benefits.

■ Similarly, Claimant informed the OES office that she anticipated entering a training program pursuant to the Trade Act but was willing to work for the three months before the commencement of the training. Therefore, the permanent full-time position as an embroidery machine operator was not a *suitable* work referral since she was only available for temporary work. Because Claimant did not discourage work opportuni-

ties, she was entitled to unemployment compensation benefits.

For these reasons, we reverse the decision of the Board.

### ORDER

AND NOW, July 19, 1995, we reverse the order of the Unemployment Compensation Board of Review dated August 22, 1994.