## Evans Unemployment Compensation Case.

Argued December 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Michael Richard Evans*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *David Stahl*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., January 16, 1962:

In this unemployment compensation case the bureau, referee and board all concluded that the claimant was not qualified to receive benefits under Section 401(f) of the Unemployment Compensation Law, 43 P.S. §801(f). The pertinent part of this section provides: "Compensation shall be payable to any employe who is or becomes unemployed, and who—(f) Has, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b) and 402(e) of this act, been paid remuneration for services in an amount equal to or in excess of eight (8) times his weekly benefit rate, . . ."

The claimant was last employed as a substitute teacher by the Whitehall High School, Hokendauqua. His last and only day of work was May 18, 1961, and his compensation was $18.00. He had a valid separation from this employment.

His immediate prior employment was with the Duro Test Corporation. He was employed by them on a trial basis, as a door to door salesman, and his last day of work was on May 4, 1961. He worked there for four days and received $80 compensation.

The board found that claimant had voluntarily terminated his employment with the Duro Test Corporation without cause of necessitous and compelling nature. As to this employment, he was, therefore, under the disqualifying provision of §402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1).

If the above finding of the board is correct there is no question that the claimant was rightfully denied benefits under §401(f), supra, 43 P.S. §801(f).

There is competent testimony to support the board's findings. Previous to his employment with the Duro Test Corporation, the claimant had been unemployed for approximately nine months. He admits that his

employer had no complaints with his work and that he "quit" because he could not do that type of work.

This Court has held that: "Dissatisfaction with one's own qualifications, when the employer raises no objection, does not constitute cause of a necessitous and compelling nature for voluntary termination of employment." *Simon Unemployment Compensation Case*, 188 Pa. Superior Ct. 613, 614, 615, 149 A. 2d 653 (1959).

Decision affirmed.