Douglas Randall, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and O.K.I. Supply Company, Respondents.

154

Argued February 3, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Michael P. McIntyre*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Joseph F. Leeson*, for respondents.

*Richard F. Boyer*, for intervenor.

OPINION BY JUDGE DISALLE, March 8, 1978:

This case is before us upon a petition for review of an order of the Unemployment Compensation Board of Review (Board) which disallowed the appeal of Douglas Randall (Claimant) from a referee's decision denying him unemployment compensation benefits. The referee determined that the Claimant was ineligible for benefits pursuant to Section 402(b)(1) of the

Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (b)(1), for voluntarily terminating his employment without cause of a necessitous and compelling nature.

Claimant had been employed by the O.K.I. Supply Co. (Employer) when he suffered a serious injury to his back in September of 1975. Claimant was hospitalized on several occasions and underwent an operation on his back. Claimant received workmen's compensation benefits during the period from the occurrence of his injury until he returned to work on April 16, 1976. Upon Claimant's return to work, his physician limited his lifting to fifty pounds. The Employer honored this medical restriction and tailored a job for Claimant.

Claimant worked for several days, and then informed his supervisor and the Employer's general manager that he could not continue performing his job, even with the fifty pound restriction, because of the pain he was suffering. The Employer told the Claimant that, since there was no other work available, he should go home. The Employer indicated to the Claimant that he would be kept on workmen's compensation in the interim. The Employer also indicated that if Claimant would obtain another medical opinion, the Employer would attempt to tailor another job for him. The Claimant left the Employer's premises on April 20, 1976. Several weeks later, his workmen's compensation benefits were terminated.

The Claimant then applied for unemployment compensation benefits. The Bureau of Employment Security (Bureau) denied Claimant benefits. Subsequent appeals by Claimant to a referee and to the Board resulted in an affirmance of the referee's determination that the Claimant had voluntarily left work without cause of a necessitous and compelling nature, thereby

rendering him ineligible to receive benefits under the Act.

Our scope of review in this type of case, in which the decision of the Board is against the party having the burden of proof, is limited to a determination of whether or not the Board's findings of fact are consistent with each other and with its conclusions of law and order and whether they can be sustained without a capricious disregard of competent evidence. *Crumbling v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974). Our careful reading of the record convinces us that the Board capriciously disregarded competent evidence in making its finding of fact. We, therefore, reverse.

The crux of this case is whether Claimant voluntarily left his employment, or whether his employment was terminated by his Employer. The Claimant's testimony is quite clear that on April 20, 1976, he informed his Employer of his incapacity to continue working at the job which was specifically designed for him. The Employer never stated that the Claimant would have to continue in this particular job after Claimant told the Employer of his inability to perform the work. On the contrary, Claimant contends his Employer told him that he could leave work and remain on workmen's compensation since there was no other suitable work available for Claimant.

The Claimant was unable, because of his prior back injury, to do the work required of him at his new job. The testimony of the Employer not only does not refute Claimant's testimony, but it generally corroborates his testimony.

The import of the testimony is quite clear that both the Claimant and the Employer did not consider the Claimant to have severed or voluntarily terminated his employment when he left the Employer's premises

on April 20, 1976. Both parties contemplated a continuation of the employee-employer relationship when Claimant left on that day. The Claimant applied for unemployment compensation benefits only after the Employer initiated proceedings to terminate his workmen's compensation.

We reverse the decision of the Board and the matter is remanded to the Board with direction that Claimant's claim be allowed.

ORDER

AND Now, this 8th day of March, 1978, the order of the referee and the Unemployment Compensation Board of Review, denying benefits to Douglas Randall, is hereby reversed and the case remanded to the Board for a proper computation of benefits.