Randall W. Pease, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges WILKIN-SON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Chester B. Smith,* with him *Edward M. Pulaski,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, February 6, 1979:

Randall W. Pease (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits. The Board took no additional testimony but affirmed the referee's findings of fact and his conclusions that the Claimant should be denied benefits under Section 401(d) and 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§801(d) and 802(b)(1).[1]

---

[1] Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(d) Is able to work and available for suitable work. . . . Section 401(d) of the Act, 43 P.S. §801(d).

Claimant argues that the Board erred when it found that Claimant voluntarily quit his employment without a necessitous and compelling reason and when it held that "quitting for personal reasons does not qualify a claimant for benefits."

In essence, Claimant contends that he was between "a rock and a hard place" when his employer called him into the office and told him he had a choice of quitting or being fired for certain alleged violations of company policy, which Claimant denies. Claimant stated that he decided to quit because he was on probation for a criminal conviction at the time of his conversation with his employer and had been told by his probation officer that if he was fired from his job he would be reincarcerated. His testimony before the referee is crucial.

QR: Well, why did you quit?

AC: Because at the time I was on probation and still am, as a matter of fact. I was on probation, and I felt I didn't have time enough to discuss this with my probation officer, and he had told me if I got fired from a job that they would immediately put me back in jail. So with me on probation I didn't know, you know, what to do so I voluntarily quit rather than getting fired. I knew voluntarily quitting, if I'd gotten fired I'd have to wait seven weeks for my check to come in after I got fired. So at the time I thought it would be easier to just voluntarily quit stating that I had smashed my

An employe shall be ineligible for compensation for any week—

. . . .

(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Section 402(b)(1) of the Act, 43 P.S. §802(b)(1).

car up and couldn't get back in now to work. This is not the statement I wanted to say, but it was a good enough statement so that I thought it would get my unemployment.

It is well settled that an employee voluntarily terminating employment has the burden of proving that such termination was for a cause of a necessitous and compelling nature. *Strelinski v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 65, 367 A.2d 330 (1977). In the instant appeal, the decision of the referee indicates that the claimant failed to sustain his burden of proof. Where the party with the burden of proof did not prevail below, as in this case, review by this Court is to determine whether the findings of fact are consistent with each other and the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Randall v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 153, 383 A.2d 238 (1978).

In the instant case, it appears from the Claimant's testimony that fear of incarceration was not the only reason for Claimant's voluntary termination of employment. In addition, it must be noted that there is nothing other than the Claimant's own testimony to support his contention that he would have gone to jail had he been fired. The referee certainly had the right to believe or disbelieve the Claimant in that respect. We conclude that the Claimant's own testimony provides competent evidence to substantiate the referee's findings concerning his ineligibility for benefits in this case. Further, we conclude that his findings of fact are consistent with each other and with his conclusions of law and that they can be sustained without a capricious disregard of competent evidence.

While we must agree with Claimant that the statement by the referee that "quitting for personal rea-

sons does not qualify a claimant for benefits" is over-broad, what we determine in the instant case is that the reasons given by the Claimant for his voluntary termination of employment, whether "personal" or not, simply do not constitute cause of a necessitous and compelling nature.

Order affirmed.

## ORDER

AND Now, this 6th day of February, 1979, the order of the Unemployment Compensation Board of Review, dated July 29, 1977, denying benefits to Randall W. Pease, is hereby affirmed.