Ida L. Clark, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1980, before Judges ROGERS, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Eileen D. Yacknin,* for petitioner.

*Gary J. Marini,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 3, 1980:

Ida L. Clark has appealed from a decision of the Unemployment Compensation Board of Review affirming a referee's decision denying benefits on the ground that the appellant voluntarily left work without cause of a necessitous and compelling nature within the meaning of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). We affirm.

The appellant was employed by United Parcel Service as a billing clerk for approximately seven years beginning in 1969. In January 1976, her supervisor

offered to promote her to another job in the billing department and she accepted. The new job would require her to tabulate much larger amounts of money than she had in the past and to work with mechanical billing devices called meters instead of manual billing sheets. The appellant was to be trained in the use of the meters over an extended period of time, beginning with a few hours of work and continuing for many months on the job. She began the training while still employed in her old position and received approximately ten hours of instruction before she was given her first new job assignments in March 1976. When the appellant was told that she was to begin working two days a week on the new job, she objected on the ground that she had not received adequate training. On the first two days she was scheduled to work, she telephoned her employer and reported off sick. She worked the remainder of the week at her old position, but the following week, when she was again scheduled to work at the new job, she telephoned her employer and resigned.

The appellant applied for unemployment compensation benefits and a referee, after a hearing, denied benefits. The Board affirmed the referee and the appellant appealed to this court. Upon application of the Board and stipulation of the parties, the record was remanded to the Board for the taking of additional testimony and reconsideration of the decision. The Board appointed a referee to act as hearing officer and he conducted a second hearing at which the appellant and representatives of her employer testified. On the basis of the new testimony, the Board found that the appellant voluntarily quit her job because she felt that she was not properly trained to work with meters; that she was receiving training; and that she was not advised by a doctor to quit her job. The Board concluded that the appellant had voluntarily left work

without cause of a necessitous and compelling nature and it again affirmed the referee's decision denying benefits. This appeal followed.

The appellant says that she presented substantial evidence that her employer failed to provide her with adequate training and that the lack of training constituted a necessitous and compelling reason for her voluntarily leaving work. A claimant for unemployment compensation benefits who has voluntarily left work bears the burden of proving that her termination was for a cause of a necessitous and compelling nature as provided by Section 402(b)(1) of the Law. *Rabinowitz v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 51, 324 A.2d 825 (1974). Where the party with the burden of proof did not prevail before the Board, our scope of review is limited to a determination of whether the findings of fact are consistent with each other and the conclusions of law can be sustained without a capricious disregard of competent evidence. *Randall v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 153, 383 A.2d 238 (1978). The Board did not capriciously disregard the appellant's evidence, but rather based its decision on independent substantial evidence adduced by the employer.

The appellant testified at length concerning her belief that her training for the new job was inadequate and was less than she had been promised when she accepted the promotion. Her testimony was contradicted by that of her supervisor, who testified that the appellant's progress in learning the new job was satisfactory and that she would have received additional training had she remained on the job. In the *Simon Unemployment Compensation Case,* 188 Pa. Superior Ct. 613, 149 A.2d 653 (1959), the Superior Court held that a claimant's personal dissatisfaction with her job qualifications did not constitute a cause of a necessi-

tous and compelling nature for leaving work where the employer was satisfied with the claimant's job performance. *See also Evans Unemployment Compensation Case,* 197 Pa. Superior Ct. 199, 177 A.2d 23 (1962). We can see no reason for reconsidering that principle of law on the facts of this case.

Order affirmed.

### ORDER

AND Now, this 3rd day of March, 1980, the order of the Unemployment Compensation Board of Review is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.