Laverne McNeil, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1980, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Nathaniel C. Nichols,* for appellant.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, May 13, 1980:

Laverne McNeil (Claimant) has appealed from a decision and order of the Unemployment Compensation Board of Review (Board), which sustained the referee's decision to deny Claimant benefits. The Board found Claimant ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(b)(1), which provides in part that an employee is ineligible for benefits when he leaves work without cause of a necessitous or compelling nature.

Claimant was employed for eighteen months as a para-legal counselor by the Federal Manpower Program of Delaware County (Manpower). He had been assigned to the Community Assistance Project (CAP) to counsel persons who had been incarcerated under the criminal justice system, as well as the families of those persons. An internal dispute developed between the local Manpower office and CAP concerning whether Claimant and another CAP employee were performing their duties satisfactorily and in accordance with Manpower guidelines. The Board found as fact that

the Manpower and CAP officials were particularly in dispute over the propriety of Claimant's organizing demonstrations and participating in picket lines against employers and federal agencies as tactics to aid Claimant's clients. Claimant and CAP perceived these activities as being within Claimant's job description, whereas Manpower did not feel that they were appropriate activities for Claimant's job. Claimant was advised by the director of Manpower that he was dissatisfied with Claimant's work performance.

Prior to any resolution of this conflict, Claimant voluntarily terminated his employment. He testified that he did so "under harassment and discrimination because of race." Continuing employment was available to Claimant had he elected to remain employed. Though in his letter of resignation Claimant charged the local director of Manpower with harassment, racial prejudice, and defamation of character, the Board was unable to find from the evidence that Claimant had substantiated these charges. Under these circumstances, the Board concluded that Claimant had failed to demonstrate a necessitous and compelling reason for voluntarily terminating the employment relationship.

Claimant argues on appeal that his reasons for terminating employment were based on real and substantial pressure, and thus his leaving work was for cause of "a necessitous and compelling nature." Claimant asserts that his decision to resign did stem partly from problems with the local Manpower director concerning Claimant's job performance, but that his decision to quit was more "the result of what any reasonable person would perceive as harassment and prejudice." Claimant argues that his allegations of harassment and prejudice have been substantiated by credible evidence, thus providing the compelling circumstances prompting him to resign.

In support of his contention that he was subjected to real and substantial pressure amounting to harassment and discrimination, Claimant first points to the fact that he was admonished for engaging in conduct which he believed within the scope of his job description. Claimant asserts but has offered no evidence that the local Manpower director callously treated members of minorities, he among them. Claimant further alleges he was never granted the opportunity to discuss these concerns with the local Manpower director.

Claimant also cites as substantiating evidence two letters—one addressed to a member of the Delaware County Council and one to the director and a member of the board of CAP, from the President Judge of the Delaware County Court of Common Pleas. Although clearly hearsay, the letters were admitted into evidence without objection. In those letters, which concerned the court's future support for the CAP programs, the Judge indicated that the court would be forced to reconsider its support of the program unless the director of Manpower was satisfied that Claimant and another employee were performing satisfactorily and adhering to the guidelines of the CAP program. Clearly, these letters fall far short of proving any of Claimant's charges.

Claimant must prove that his termination was for compelling reasons. "It is well settled that an employee voluntarily terminating employment has the burden of proving that such termination was for a cause of a necessitous and compelling nature." *Pease v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 299, 302, 397 A.2d 449, 451 (1979). An employee may sustain this burden by "demonstrating that his conduct was consistent with ordinary common sense and prudence." *Aluminum Co. of America v. Unemployment Compensation Board*

*of Review,* 15 Pa. Commonwealth Ct. 78, 84, 324 A.2d 854, 857 (1974). Furthermore, "[t]he circumstances prompting the severance of employment relationship must be 'real, not imaginary, substantial not trifling' and 'reasonable not whimsical.' " *Id.* at 84, 324 A.2d at 857-58.

In this case the party with the burden of proof (Claimant) did not prevail below. Therefore, the Board's findings of fact are binding on this Court if the findings are consistent with each other and the conclusions of law, and if they can be sustained without a capricious disregard of competent evidence. *Pease, supra.* If we do find that the Board's findings should be sustained and are thus conclusive, the "legal conclusions drawn by the Board from its findings of fact, however, remain subject to judicial review." *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 358, 378 A.2d 829, 832 (1977). Whether one had "cause of a necessitous and compelling nature" to terminate employment is a legal conclusion which is always subject to appellate review. *Id.*

We find in the case before us that the Board's findings of fact are consistent with each other and with the conclusions of law, and that the Board has not capriciously disregarded competent evidence. Claimant failed to substantiate with competent evidence his charges of harassment, prejudice and defamation before the Board. At best, Claimant only demonstrated his *belief* that he was being harassed, discriminated against, and defamed. Claimant's unsubstantiated beliefs or allegations do not rise to the level of compelling reasons for his decision to resign.

Claimant's personal problems with the local Manpower director and dissatisfaction with his attitudes and actions toward Claimant cannot be held to constitute cause of a necessitous and compelling nature for

leaving employment absent unjust accusations, abusive conduct and profane language. *Unemployment Compensation Board of Review v. Ruffel,* 18 Pa. Commonwealth Ct. 512, 336 A.2d 670 (1975). *See Grosklos v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 415, 393 A.2d 60 (1978).

Order affirmed.

### ORDER

AND Now, this 13th day of May, 1980, the order of the Unemployment Compensation Board of Review, dated December 19, 1977, denying Laverne McNeil unemployment compensation benefits, is hereby affirmed.