Ruth P. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Robert J. Wetzel,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 22, 1981:

Ruth P. Miller (Appellant) has been denied unemployment compensation benefits by the Bureau (now Office) of Employment Security, the referee and the Unemployment Compensation Board of Review (Board) because she voluntarily terminated her employment without cause of a compelling and necessitous nature.[1] In this appeal, Appellant argues that the Board erred in its conclusions and that she was denied due process of law because she did not have a lawyer to represent her at the hearing.

Appellant had been employed as a medical secretary for nearly two years. On January 10, 1979, the Appellant and her employer had "words" regarding Appellant's recording of the number of telephone calls she answered. Appellant became distressed because she had been reprimanded. After Appellant's lunch hour, her employer called her into the office to discuss the situation. There is a conflict in the testimony as to exactly what was said in the course of that conversation, but the Board found as a fact that the employer's version of what was said was correct. Since that finding is clearly the result of resolving conflicts in the testimony rather than a capricious disregard of any competent evidence, we are bound

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

thereby. *Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). Having made that finding, the Board properly concluded that Appellant voluntarily terminated her employment.

Although Appellant asserts that she did not quit, she contends in the alternative that she left because of harassment from her employer. Again, the facts found by the Board which would lead to a contrary conclusion are not in capricious disregard of competent evidence.

In summary, our review of the record convinces us that the Board did not err in its conclusions that Appellant voluntarily quit her job and that she had no necessitous or compelling reason for doing so.

Appellant admits, as she must, that the fact that she chose to be unrepresented by counsel at the hearing does not necessarily result in deprivation of due process. *Knox v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 588, 317 A.2d 60 (1974). She argues, however, that in the instant case, she did not receive a fair hearing because she had no counsel present. Our review of the record indicates that Appellant did receive a fair hearing by a referee who gave her every opportunity to testify, object and cross-examine witnesses. Appellant points to but one instance where the referee failed to sustain an objection by Appellant. Not only was the referee's ruling not prejudicial to Appellant, it was also correct.

Finally, we agree with the Board that since Appellant had an extensive hearing with the opportunity to present all the evidence she desired and having stated that she had nothing further to offer, she was not entitled to a further hearing with a lawyer to "complete the record."

Order affirmed.

## ORDER

AND Now, this 22nd day of January, 1981, the order of the Unemployment Compensation Board of Review, dated June 5, 1979 and filed to B-172956 denying unemployment compensation benefits to Ruth P. Miller is affirmed.