Karen L. G. Archambo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Alan I. Rosenberg, Hennessy & Rosenberg,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Elsa D. Newman-Silverstein,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, May 7, 1981:

In this unemployment compensation appeal, the claimant[1] questions a denial of compensation by the board,[2] which reversed a referee's decision and found the claimant, a grinder and sandblaster, ineligible for compensation on the basis of the voluntary quit provision of the Unemployment Compensation Law (Law).[3] We affirm.

On May 18, 1979, the claimant admittedly resigned voluntarily from her position with the employer.[4] Therefore the sole issue for this court to decide is whether the board capriciously disregarded competent evidence by concluding that the claimant failed to meet her burden of proving that her resignation was precipitated by cause of a necessitous and compelling nature.[5]

After reviewing the record, we cannot find that the board capriciously disregarded competent evidence.

The claimant contends that medical difficulties emanating from her employment forced her to resign.

---

[1] Karen L. G. Archambo.

[2] Unemployment Compensation Board of Review.

[3] Section 402(b)(1), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[4] Franklin Mint.

[5] The claimant has the burden of proving that he terminated his employment for cause of a necessitous and compelling nature. *Colduvell v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 185, 408 A.2d 1207 (1979). Where the party with the burden of proof fails before the board, our scope of review is to determine whether there has been a capricious disregard of competent evidence. *Clark v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 571, 411 A.2d 879 (1980).

Although the claimant introduced a letter from her physician which stated that she was suffering from extreme anxiety neurosis probably related to stress and tension from her work, the record reveals that the claimant was not advised by a physician to terminate her employment. Moreover, the letter from claimant's doctor was dated a month after she had quit, and is of little evidentiary value because it does not adequately set forth the status of the claimant's health as it existed when she terminated her employment. *See Eckenrod v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 166, 325 A.2d 320 (1974).

With respect to claimant's alternate contention, that exposure to the chemical Xylene caused the job to be hazardous, the board, in exercising its power to judge credibility, clearly declined to credit claimant's testimony on that score.

Accordingly, we affirm the decision of the board.

ORDER

AND Now, May 7, 1981, the order of the Unemployment Compensation Board of Review is hereby affirmed.

