The Berwick Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*Robert W. Smith,* with him *Thomas H. Lane, William J. Flannery* and *Joe C. Ashworth, Morgan, Lewis & Bockius,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, November 15, 1982:

The Berwick Hospital (Employer) brings this appeal from a decision of the Unemployment Compensation Board of Review (Board) adopting and affirming a referee's order which reversed a decision of the Office of Employment Security (Office) and awarded Claimant[1] unemployment compensation benefits holding that he was involuntarily terminated from his employment and that the Employer failed to sustain his burden of proving Claimant engaged in willful misconduct.

Here the Employer seeks review of two questions of law[2]—whether the Board erred in determining that Claimant was involuntarily terminated from his employment and whether it erred in finding that Claimant did not engage in willful misconduct. To answer these questions a short summary of the facts is necessary.

Claimant was employed as a financial development director. In January of 1980, Employer notified Claimant that his department was being reorganized

---

[1] Joseph C. Stauder.

[2] *See Rettan v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 287, 325 A.2d 646 (1974) ; and *Mancini v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 266, 412 A.2d 702 (1980).

and that a number of changes would be made in the operation of the department. Claimant was opposed to this reorganization and on February 26, 1980, he met with the Hospital Administrator to express his dissatisfaction and submitted a memorandum describing in detail his opposition to the proposed changes. At the end of the memorandum Claimant stated:

I will be available for discussion of this unfortunate situation by you calling for an appointment at 717-275-0578 until March 15, 1980. *If you have not contacted me by that time I will assume there is no want on your part to correct this problem. I also will assume that* by eliminating the position of "Financial Development Director" and by the previously here stated acts of deletion of both personnel and "tools", *you have in fact discharged me from your employ.* (Emphasis added.)

Claimant did not report to the hospital again until February 28, 1980, at approximately 10:00 a.m., at which time he discovered that the locks on his office had been changed. He was informed that the Employer considered him to have voluntarily terminated his employment because he left the hospital on February 26, 1980, did not report to the hospital on February 27, 1980 and did not report his activities or reasons for his absences on those days to the Employer.

The Board found, however, that Claimant was not required to report to the hospital on a daily basis and further found that Claimant had continued working for the Employer. On February 27, 1980, he had called upon a propective contributor who lived in a town a short distance from the hospital.

After careful review of the record, we are satisfied that there is substantial evidence in the record to support the Board's finding that Claimant had not quit and that it was the Employer's action which termi-

nated Claimant's employment. Rather than being a resignation as urged by the Employer, we view Claimant's memorandum as an attempt to preserve his employment relationship. In any event, it is quite clear to us that Claimant had not resigned nor had he intended to resign on or before February 28, 1980.

Concerning the issue of willful misconduct, we once again agree with the Board's conclusion that the Employer failed to sustain its burden of proof.[3] The Board did not capriciously disregard[4] any competent evidence in exercising its exclusive fact finding role[5] and the record supports the Board's conclusion that Claimant's actions did not constitute willful misconduct.[6] Despite Employer's contention contra, the Claimant's behavior was not in wanton or willful disregard of the Employer's interests. The Board found that Claimant continued to work for his Employer on February 26, 27th and 28th until he was told that he was terminated. Claimant did not violate any of the Employer's rules concerning absenteeism. In fact, the Board found that Claimant was not absent from work. Furthermore, even if Claimant had been absent, he was not under a duty to report to the hospital concerning his schedule on a daily basis. Lastly, Claimant did not disregard any standards of behavior expected by his Employer. Claimant performed his duties until February 28, 1980, when he discovered the

[3] See *American Process Lettering, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980).

[4] *Pease v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 299, 397 A.2d 449 (1979).

[5] See *Miller v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 257, 424 A.2d 609 (1981).

[6] Willful misconduct has been defined by this Court on many occasions. See *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

locks had been changed on his office door and that he had effectively been terminated from his employment. We find no reason to reverse the Board's order.

ORDER

It is ordered that the order of the Unemployment Compensation Board of Review, dated August 12, 1980, and numbered B-186819 is hereby affirmed.