Philip Kellenbenz, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, to President CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Robert J. Matthews,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 31, 1983:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming an order of the referee and holding Philip Kellenbenz (Claimant) ineligible for benefits under the provisions of Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(b), because he voluntarily terminated his employment without cause of necessitous and compelling nature.

The Claimant's sole basis of appeal here is that the Board erred in determining that Claimant voluntarily terminated his employment without cause of necessitous and compelling nature. We hold that the Board did not err and affirm its order.

The testimony of the Employer's[1] representative and the Claimant's own statement[2] in the summary of interview fully warrant the Board's findings that:

---

[1] M. & S. Detective Agency.

[2] Claimant did not appear at any of the proceedings in this case, including a remand hearing and did not present evidence in his behalf to show that he had a firm offer of employment due to begin on a date certain. After the proceedings before the Board were closed Claimant submitted a statement from his prospective employer stating that he did have a firm offer of employment. This statement, however, was never offered into evidence and as such cannot be considered by this Court in its review.

2. The Claimant was *dissatisfied* with his *hours* of work and rate of *pay*.

3. The claimant gave his superior four (4) days notice of his intention to leave this employment and the *possibility* of obtaining other employment with another individual.

4. The claimant was not laid off by his employer and continuing work was available had the claimant desired to remain employed. (Emphasis added.)

After a careful review of the record, we are well satisfied that the Board did not capriciously disregard[3] any competent evidence in exercising its exclusive fact-finding role.[4] Neither dissatisfaction with one's wages, nor working conditions is sufficient to establish the necessary justification for terminating employment. *Querry v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 170, 437 A.2d 1048 (1981). The Board in the instant case also found that Claimant had a "possibility" of finding employment with someone else. However, "[t]he mere possibility of other employment is not sufficient to constitute cause of a necessitous and compelling nature for voluntarily terminating one's employment." *Eckenrod v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 166, 170, 325 A.2d 320, 322 (1974).

Accordingly, we enter the following order.

### ORDER

It is ordered that the order of the Unemployment Compensation Board of Review numbered B-192433 and dated February 20, 1981, is hereby affirmed.

---

[3] *Pease v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 299, 397 A.2d 449 (1979).

[4] *Miller v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 257, 424 A.2d 609 (1981).