IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly N. Franklin,                             :
                    Petitioner                 :
                                               :
           v.                                  :     No. 291 C.D. 2016
                                               :     Submitted: August 26, 2016
Unemployment Compensation Board                :
of Review,                                     :
                    Respondent                 :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: December 19, 2016

            Kelly N. Franklin (Claimant) petitions for review of an adjudication
of the Unemployment Compensation Board of Review (Board) denying her
application for unemployment compensation benefits.  In doing so, the Board
affirmed the Referee's determination that Claimant was ineligible for benefits
under Section 402(b) of the Unemployment Compensation Law (Law)[1] because
she voluntarily terminated her employment without cause of a necessitous and
compelling nature.  Finding no error by the Board, we affirm.

            Claimant began receiving unemployment compensation benefits in
May 2015 after her separation from a prior employer.  On July 31, 2015, Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).  It provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week … [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."  43 P.S. §802(b).

began employment with Puff & Snuff (Employer) as a part-time cashier, and her unemployment benefits were reduced to reflect her part-time earnings. On October 5, 2015, Claimant quit her job with Employer and filed for unemployment compensation benefits. The Duquesne UC Service Center denied her application because it found that Claimant had voluntarily resigned without a necessitous and compelling reason. Claimant appealed, and a hearing was held before a Referee on November 24, 2015.

At the hearing, Claimant testified that she left her job with Employer for two reasons: a reduction in her work hours and difficulty with childcare services. Regarding her hours, Claimant testified that she typically worked 18 to 20 hours per week at a rate of pay of $7.40 per hour. Notes of Testimony, 11/24/2015, at 5, 8 (N.T. __). Claimant testified that on October 4, 2015, Staisha Gereshenski, the store manager, scheduled her for eight hours for the week beginning October 5, 2015. Claimant considered this reduction in her hours to constitute an involuntary discharge in light of her previously expressed concerns about the possibility of having her hours reduced.

In response, Gereshenski testified that Claimant was habitually late for work, a problem she discussed with Claimant. Gereshenski stated that she reduced Claimant's work hours as a form of discipline, but she acknowledged that she did not advise Claimant of that fact. Gereshenski also testified that Claimant never asked her why her hours were reduced.

Sara Fye, Employer's district manager, testified that when Employer hired a new employee, Claimant asked Fye whether her hours would be reduced. Fye told Claimant that the new employee was just a "floater," and that she would speak with Gereshenski to try to keep Claimant "at a decent amount of hours."

2

N.T. 13-14. Fye further testified that she had no control over the schedule of cashiers.

Claimant's second reason for leaving her job with Employer concerned childcare difficulties. Claimant has four children. Her 18-year-old daughter babysat her other children, ages 3, 7 and 13, when Claimant was at work. However, on September 24, 2015, Claimant evicted her daughter from her house, leaving her without childcare. Claimant advised Gereshenski about her childcare issue.

Claimant testified that from September 24, 2015, to October 4, 2015, her brother stayed with the children. On other occasions, Claimant took her children to work when she did not have a babysitter, but found it difficult to concentrate. Claimant testified that the reduction in hours and earnings left her unable to pay for a babysitter. Accordingly, on October 5, 2015, she returned her keys to Fye and Gereshenski and informed them that she was unable to continue working because of the reduction in her hours and her childcare issue.

In response to this testimony, Gereshenski testified that Claimant did not ask for an accommodation. Gereshenski also testified: "…yes, she came to me and told me that her children no longer had a babysitter. She never said [any]thing about working with another babysitter, or I can't work because I have no babysitter, or can you lower my hours due to a babysitter. We never discussed anything upon that, no." N.T. 14. Employer then asked, "Did she ask for different alternatives or offer different alternatives…[?]" *Id.* Gereshenski replied: "No." *Id.* Gereshenski testified that she had no problem with Claimant bringing her children to work.

3

The Referee concluded that Claimant voluntarily resigned without a necessitous and compelling reason and denied her benefits under Section 402(b) of the Law, 43 P.S. §802(b), for any week after her separation from employment on October 5, 2015. The Referee, nonetheless, held that Claimant was entitled to partial benefits under *Unemployment Compensation Board of Review v. Fabric*, 354 A.2d 905 (Pa. Cmwlth. 1976),[2] based on her separation from a prior employer in May 2015. Claimant appealed. On review, the Board adopted the Referee's findings of fact and conclusions of law and affirmed the Referee's order. Claimant now petitions for this Court's review.[3]

On appeal, Claimant raises three issues. First, she contends that the Board erred in concluding that she voluntarily quit because Employer's reduction of her hours constituted a constructive discharge. Second, she contends that, assuming she voluntarily quit, the Board erred in concluding that she failed to demonstrate a necessitous and compelling reason for resigning. Third, she contends that she has not received the partial benefits that were supposed to continue under the Referee's decision.

In her first issue, Claimant argues that the Board erred in concluding that she voluntarily quit when she was constructively discharged. Claimant's hours were substantially reduced from her average of 18 to 20 hours per week to eight hours for the week of October 5, 2015. Claimant also contends that

---

[2] In *Fabric*, this Court held that where a claimant leaves part-time employment within the meaning of Section 402(b) of the Law, he may be denied benefits only to the extent that his benefits were decreased by virtue of his part-time earnings. *Fabric*, 354 A.2d at 908.

[3] Our scope of review is to determine whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

4

Employer knew that she needed more hours in order to afford a babysitter, and that common sense dictates that eight hours per week at the rate of pay of $7.40 per hour is insufficient to support herself and children. Under these circumstances, it was reasonable for Claimant to conclude that she was being forced to resign.

Whether a claimant's separation from employment constitutes a voluntary resignation is a question of law subject to this Court's plenary review and will be determined from the facts surrounding the cessation of employment. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 224 (Pa. Cmwlth. 2012). It is the claimant's burden to prove that her separation from employment was involuntary. *Bell v. Unemployment Compensation Board of Review*, 921 A.2d 23, 26 (Pa. Cmwlth. 2007). "In order for an employer's actions to constitute a discharge, the claimant must demonstrate that the employer's actions had the immediacy and finality of a 'firing.'" *Id*. "[T]he employer need not specifically use words such as 'fired' or 'discharged.'" *Id*.

A voluntary termination requires a finding "that the claimant had a conscious intention to leave employment." *Procyson v. Unemployment Compensation Board of Review*, 4 A.3d 1124, 1127 (Pa. Cmwlth. 2010). Voluntary termination of employment renders an employee ineligible for unemployment compensation benefits under Section 402(b) of the Law unless the employee resigned for cause of a necessitous and compelling nature. Whether a claimant has necessitous and compelling reasons for terminating her employment is a question of law subject to appellate review. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832 (Pa. 1977).

5

In the present case, it is undisputed that Claimant returned her keys to the store manager and district manager and told them that she was no longer able to work. Claimant contends that she made a reasonable effort to preserve her employment when her hours were cut from 18 to 20 hours a week to eight hours. This effort was demonstrated by her conversation with Fye, the district manager, when Claimant expressed concerns that her hours would be reduced by the addition of a new employee. Despite Fye's assurances, Claimant's hours were substantially reduced to eight hours a week. Claimant argues that given these circumstances she reasonably concluded that Employer intended her to leave.

Claimant argues that Employer's substantial unilateral changes to the terms of her employment justified her resignation.[4] By scheduling her for eight hours for the week of October 5, 2015, Employer reduced her work hours by 58%, which constitutes a substantial and unilateral change in the terms of her employment. Claimant's Brief at 15-18 (citing *No.1 Cochran v. Unemployment Compensation Board of Review*, 579 A.2d 1386, 1390 (Pa. Cmwlth. 1990); *Ship Inn, Inc., v. Unemployment Compensation Board of Review*, 412 A.2d 913, 915 (Pa. Cmwlth. 1980); and *National Freight, Inc. v. Unemployment Compensation Board of Review*, 382 A.2d 1288, 1290 (Pa. Cmwlth. 1978)).

Assuming it was a voluntary resignation, Claimant contends her conversation with Fye shows that she tried to preserve her employment. The Board responds that Claimant should have voiced her concern about the reduction in her hours after it occurred but did not. Thus, Claimant failed to take reasonable steps to preserve her employment.

---

[4] On appeal, Claimant does not assert her lack of childcare as a necessitous and compelling reason for resignation. Accordingly, we will not address that issue.

6

A claimant who voluntarily resigns from her employment bears the burden of showing that she resigned for a necessitous and compelling reason. *Moore v. Unemployment Compensation Board of Review*, 520 A.2d 80, 82 (Pa. Cmwlth. 1987). A claimant can meet this burden by showing

> that circumstances existed which produced real and substantial pressure to terminate employment; such circumstances would compel a reasonable person to act in the same manner; the claimant acted with ordinary common sense; and the claimant made a reasonable effort to preserve her employment.

*Collier Stone Company v. Unemployment Compensation Board of Review*, 876 A.2d 481, 484 (Pa. Cmwlth. 2005). Mere dissatisfaction with working conditions does not provide a necessitous and compelling cause to quit employment. *Kellenbenz v. Unemployment Compensation Board of Review*, 454 A.2d 1202, 1203 (Pa. Cmwlth. 1983). Additionally, an employee's acceptance of a job indicates her agreement to the wages and conditions of employment. *Stiffler v. Unemployment Compensation Board of Review*, 438 A.2d 1058, 1060 (Pa. Cmwlth. 1982). When an employer substantially changes those conditions subsequent to hiring, the employee has a necessitous and compelling reason to voluntarily quit. *Id.*

Here, Employer hired Claimant as a part-time cashier. After working 18 to 20 hours per week, Employer suddenly reduced her work to 8 hours a week. This constitutes a compelling reason to quit. Nevertheless, Claimant had to make an effort, after her hours were reduced, to preserve her employment. Claimant did not discuss the matter with Employer. Claimant's conversation with the district manager before her hours were reduced did not satisfy this burden. Accordingly,

we conclude that the Board did not err in holding that Claimant was ineligible for unemployment benefits under Section 402(b) of the Law.

Finally, Claimant argues that if she is deemed ineligible for benefits under Section 402(b) of the Law by virtue of her separation from Employer, she was still eligible for reduced benefits on her active claim following her separation from her prior employer. The Referee so held, applying this Court's decision in *Fabric*, 354 A.2d 905. Claimant alleges that, despite the Referee's holding, the last time she received a benefit check was on October 8, 2015. Claimant's Brief at 21. She asks this Court to remand for further proceedings to determine the benefits to which she is entitled. The Board, in response, has attached a copy of a claim record showing that Claimant began receiving benefit payments beginning with the week ending October 10, 2015, and ending with the week ending January 16, 2016. Respondent Brief's at 13. These documents are *de hors* the record.

It is well settled that a party who proceeded before a Commonwealth agency under the terms of a particular statute may not raise upon appeal any question, other than the validity of the statute, that was not raised before the agency unless allowed by this Court upon due cause shown. 2 Pa. C.S. §703(a); *Placid v. Unemployment Compensation Board of review*, 427 A.2d 748, 750 (Pa. Cmwlth. 1981). Claimant has raised this issue for the first time on appeal to this Court, and we are precluded from considering the issue.

Claimant does not contest the Referee's holding. Rather, she alleges that despite the Referee's finding that she was eligible for partial benefits, she has not received a benefit check since October 8, 2015. Even assuming the issue were not waived, this Court is not the proper forum to address Claimant's claim that she

8

has not received the benefit checks due to her. Claimant should contact the UC Service Center to have this matter resolved.

For all of the foregoing reasons, we affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly N. Franklin,                                :
                    Petitioner            :
                                                  :
          v.                                      :     No. 291 C.D. 2016
                                                  :
Unemployment Compensation Board :
of Review,                                        :
                    Respondent          :

## **O R D E R**

AND NOW, this 19th day of December, 2016, the order of the Unemployment Compensation Board of Review dated January 22, 2016, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge